Electronically Filed
Intermediate Court of Appeals
CAAP-13-0004082
25-FEB-2016
09:01 AM

NO. CAAP-13-0004082

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CENTRAL PACIFIC BANK, Plaintiff/Counterclaim Defendant/
Cross-Claimant-Appellee, v. JUANA B. ANCHETA, Defendant/
Counterclaimant/Third-Party Plaintiff, and
EDUARDO ANCHETA and STARLENA ANCHETA, Third-Party
Plaintiffs-Appellants, and AUGUSTO S. CONCEPCION, individually
and dba INVESTORS 808 REALTY; ACCEL MORTGAGE LLC;
AUDRA A. PALOMARES; PAULO SALAS; 1st 2nd MORTGAGE
COMPANY OF HAWAII, INC., Third-Party Defendants/Cross-Claim
Defendants-Appellees, and YOLIE CASTILLO TIBURCIO, Cross-Claim
Defendant-Appellee, and JOHN DOES 1-10; JANES DOES 1-10;
DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
and DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0513-03 (BIA))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Appellants Eduardo Ancheta and Starlena Ancheta

(collectively, **Appellants**) appeal from the Circuit Court of the

First Circuit's (**Circuit Court's**): (1) Order Denying Third-Party

Plaintiffs Eduardo Ancheta and Starlena Ancheta's Motion to

Intervene as Defendants Filed Herein on July 29, 2013, filed on

September 3, 2013; (2) Order Granting Plaintiff/Counterclaim

Defendant Central Pacific Bank's (**CPB**) Motion for Issuance of a

Writ of Possession and Judgment for Possession Filed July 17,

2013, filed on September 3, 2013; and (3) Order Denying Third-Party Plaintiffs Eduardo Ancheta and Starlena Ancheta's Motion for Reconsideration of the: 1) Order Denying Third-Party Plaintiffs Eduardo Ancheta and Starlena Ancheta's Motion to Intervene as Defendants Filed Herein on July 29, 2013; and 2) Order Granting Plaintiff/Counterclaim Defendant CPB's Motion for Issuance of Writ of Possession and Judgment for Possession Filed July 17, 2013, Filed on September 4, 2013, filed on October 28, 2013.[1]

Appellants ask the court to "1) reverse the denial of [Appellants'] Motion to Intervene; 2) vacate the order granting [CPB's] Motion for Possession; and 3) vacate the Judgment for Possession and Writ of Possession in favor of [CPB]." However, upon careful review of the record and the briefs and other submissions filed by the parties, and having given due consideration to the arguments advanced and all of the issues raised by the parties, as well as the relevant statutory and case law, we conclude that we must dismiss this appeal as moot.

"'[M]ootness is an issue of subject matter jurisdiction. Whether a court possesses subject matter jurisdiction is a question of law reviewable de novo.'" State v. Nakanelua, 134 Hawai'i 489, 501, 345 P.3d 155, 167 (2015) (quoting Hamilton ex rel. Lethem v. Lethem, 119 Hawai'i 1, 4-5, 193 P.3d 839, 842-43 (2008)). CPB has twice raised the issue of mootness on motions to this court, but the court has deferred a final ruling on this issue to permit a thorough review of all of

---

[1]     The Honorable Bert I. Ayabe presided.

the parties' arguments and the record on appeal. In any case, however, an appellate court has "an independent obligation to ensure jurisdiction over each case and to dismiss the appeal *sua sponte* if a jurisdictional defect exists." State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000) (citation omitted). Furthermore, an appellate court does not have "jurisdiction to 'decid[e] abstract propositions of law or moot cases.'" Lathrop v. Sakatani, 111 Hawai'i 307, 312, 141 P.3d 480, 485 (2006) (citing Wong v. Bd. of Regents, Univ. of Haw., 62 Haw. 391, 394-95, 616 P.2d 201, 204 (1980)). The duty of the appellate court "is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions about moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Id. (citing Wong, 62 Haw. at 394-95, 616 P.2d at 204).

> It is well established that:
>
> The mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination. Put another way, the suit must remain alive throughout the course of litigation to the moment of final appellate disposition. Its chief purpose is to assure that the adversary system, once set in operation, remains properly fueled. The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal-- adverse interest and effective remedy--have been compromised.

Id. at 312-13, 141 P.3d at 485-86 (citing Wong, 62 Haw. at 394, 616 P.2d at 203-04).

In addition, "it is appellant's burden to seek a stay if post-appeal transactions could render the appeal moot." Id.

3

at 313, 141 P.3d at 486 (citing <u>In re Gotcha Int'l L.P.</u>, 311 B.R. 250, 255 (B.A.P. 9th Cir. 2004)). An appellant may obtain a stay pending appeal pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 62. HRCP 62 states in relevant part:

> **(c) Injunction pending appeal.** When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.
>
> **(d) Stay upon appeal.** When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay. . . . The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.
>
> . . . .
>
> **(g) Power of supreme court and intermediate court of appeals not limited.** The provisions in this rule do not limit any power of the supreme court or of the intermediate court of appeals or of a justice or judge thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered.

In the instant case, Appellants did not seek to file a supersedeas bond or otherwise obtain a court order staying the judgment. Appellants argue, without any support in the record on appeal, that they could not afford to post a supersedeas bond, and that remaining on the subject property would have subjected them to criminal liability. Based on our review of the record, however, there is no indication that Appellants attempted to obtain a stay. It also appears to be undisputed that, after Appellants vacated the subject property pursuant to the Circuit Court's issuance of the Writ of Possession, the property was sold to a third-party purchaser, with a warranty deed being recorded

in the State of Hawai'i Bureau of Conveyances on May 22, 2015. Accordingly, this appeal is moot.

Appellants have argued that, even if mootness would otherwise apply, an exception to the mootness doctrine precludes its application. The Hawai'i Supreme Court has recognized three exceptions to the mootness doctrine: (1) the "capable of repetition, yet evading review" (**CRER**) exception; (2) the public interest exception; and (3) the collateral consequences exception. Lethem, 119 Hawai'i at 5-10, 193 P.3d at 843-48.

With respect to the CRER exception, the supreme court has recognized that "a court will not dismiss a case on the grounds of mootness where a challenged governmental action would evade full review because the passage of time would prevent any single plaintiff from remaining subject to the restriction complained of for the period necessary to complete the lawsuit." Id. at 5, 193 P.3d at 843 (quoting In re Thomas, 73 Haw. 223, 226-27, 832 P.2d 253, 255 (1992)). In the instant case, the CRER exception does not appear to apply "because the instant case would not evade review but for the fact that the [Appellants failed] to file a supersedeas bond." City Bank v. Abad Artemio M. Abad Revocable Trust Gloria P. Abad Revocable Trust, No. 27953, 2009 WL 5084083 at *5 (Haw. App. Dec. 28, 2009). In other words, Appellants failed to "avail themselves of the mechanisms that would have preserved the issue for review[.]" Lathrop, 111 Hawai'i at 315, 141 P.3d at 488.

With regard to the public interest exception, the court considers: "(1) the public or private nature of the question

presented; (2) the desirability of an authoritative determination for future guidance of public officers; and (3) the likelihood of future recurrence of the question." Doe v. Doe, 116 Hawai'i 323, 327, 172 P.3d 1067, 1071 (2007) (citations and internal quotation marks omitted). As to the first prong, the sale of the subject property "is more of a dispute of a private nature rather than a public nature[.]" City Bank, 2009 WL 5084083 at *5. As to the second prong, the public interest does not require any additional authoritative determination to guide officials. As to the third prong, "questions within the instant case will recur only when parties [fail] to file a supersedeas bond to stay the circuit court's ruling pending appeal." Id. Moreover, the recurrence of the questions presented in this appeal are unlikely. Therefore, the public interest exception to the mootness doctrine does not appear to apply.

With regard to the collateral consequences exception, the supreme court has "adopted the collateral consequences exception to the mootness doctrine in cases involving domestic violence TROs [(temporary restraining orders)] where there is a reasonable possibility that prejudicial collateral consequences will occur as a result of the entry of the TRO." Lethem, 119 Hawai'i at 9-10, 193 P.3d at 847-48 (internal quotation marks omitted). In the instant case, the collateral consequences exception does not apply because this case does not involve a domestic violence TRO or any other circumstance that has been held to warrant application of this exception.

Based on the foregoing, we dismiss this appeal as moot. CPB's second motion to dismiss, filed on October 7, 2015, is denied as unnecessary.

DATED: Honolulu, Hawai'i, February 25, 2016.

On the briefs:

Damon M. Senaha,
Colin B. Sakumoto,
(Law Office of Damon M.
  Senaha LLLC)
for Third-Party Plaintiffs-
 Appellants.

Cori Ann C. Takamiya,
Jill J. Takayama,
(Kessner Umebayashi Bain
 & Matsunaga)
for Plaintiff/Counterclaim
 Defendant/Cross-Claimant-Appellee.

Presiding Judge

Associate Judge

Associate Judge